### PATRICK J. O'TOOLE'S (dependent's) CASE.

Suffolk.   November 9, 1917. — January 5, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Workmen's Compensation Act.*

Where a city, that had accepted St. 1913, c. 807, hired for work on its highways a
   steam roller at $15 a day, its owner furnishing the "engineer, coal, wood and
   steam" and the city employees at different times helping the engineer to roll up
   the curtains, put coal in the bunkers and fill the tank, and a workman employed
   by the city to spread cracked stone on the roads, who once had helped the engi-
   neer of the steam roller to roll up the curtains and had ridden with him on the
   steam roller and had asked him to teach him how to run it and on two occasions
   had operated the roller a short distance, one day when the men had stopped work
   between twelve and one o'clock was called by the engineer to the roller, which was
   at rest, where the two men engaged in conversation that "had nothing to do with
   the work," when the engineer started the machine "to blow off some steam"
   and soon the roller began to coast down a hill and got beyond the control of the
   engineer and, crossing a sidewalk, crushed the employee of the city between the
   piazza of a house and the wheels of the roller so that he died as the result of
   his injuries, his dependent widow is not entitled to claim compensation under
   the workmen's compensation act, because the injuries that caused the death of
   the employee did not arise out of or in the course of his employment.

APPEAL to the Superior Court under St. 1911, c. 751, Part III,
§ 11, as amended by St. 1912, c. 571, § 14, from a decision of
the Industrial Accident Board awarding compensation upon the
claim, as a dependent, of Bridget O'Toole, the widow of Patrick
J. O'Toole, late of Boston, who was injured when in the employ
of the city of Boston on August 4, 1915, and died as the result
of the injury, the claim being made under St. 1913, c. 807, accepted
by the city of Boston.

The case was heard by *Jenney*, J.  The evidence reported is
described in the opinion.  The judge made a decree in accordance
with the decision of the Industrial Accident Board, awarding to
Bridget O'Toole as the dependent widow of Patrick J. O'Toole
$10 a week for a period of four hundred weeks from August 4, 1915.
The city of Boston appealed.

*W. J. O'Malley*, for the city of Boston.

*D. J. Reardon*, (*M. T. Hart* with him,) for the dependent
widow.

CARROLL, J.   There was evidence that the city of Boston hired a steam roller at $15 a day for work on its highways, the contractor who owned it furnishing "engineer, coal, wood and steam."   The employees of the city at different times helped the engineer, Gilbert Peloquin, roll up the curtains, put coal in the bunkers and fill the tank.   Patrick J. O'Toole was employed by the city, in spreading cracked stone on the roads.   The engineer testified that the only time this employee helped him around the roller was when he helped to roll up the curtains, though the employee "had ridden with him before on the steam roller and had asked him to teach him [the employee] how to run it."   On two occasions before the accident O'Toole operated the roller a short distance, while being taught.   At another time he rode on the roller.   On the day of the accident the men stopped work between twelve and one o'clock.   It was raining very hard and while the roller was at rest the engineer called O'Toole, saying, "Come here, Pat, I want to speak to you."   They engaged in conversation. The "conversation was just social and had nothing to do with the work," O'Toole speaking of a transfer to another department. They "spoke a few words."   O'Toole said he was getting wet and stepped on the roller.   The engineer started the machine "to blow off some steam."   After going up and down the street, he stopped on top of the hill.   The roller started to coast down the hill and when the engineer took hold of the throttle, the "gears came up; the pin which holds the gears had come out . . . the machine crossed over the sidewalk."   O'Toole was caught between the piazza of the house and the wheels of the roller.   This was about "ten minutes to one or twenty minutes to one."   He died as a result of these injuries.

These controlling facts show that, while O'Toole was on the roller, he was speaking to the man in charge about his own affairs and his presence there related solely to his own interests.   His occupation did not require him to be there.   He was there discussing his own prospects and his transfer to another department, or matters "just social and had nothing to do with the work." He was not called by the engineer to perform any work or to aid in any way in carrying on the business of the employer.   The testimony, that Peloquin said after the injury that O'Toole was his helper, does not contradict these essential facts; indeed, there

was no evidence to contradict them or to show that when injured the employee was occupied in the work for which he was hired and in which the city was engaged. It follows from this that the injury to the employee did not result from his employment and did not arise out of or in the course of it, and there can be no recovery. *Savage's Case,* 222 Mass. 205, and cases cited.

There are cases which hold that an employee is protected by the workmen's compensation act, although not at the time actually engaged in the work for which he was hired. If the employee is injured in going to or returning from his work upon the master's premises, or on premises available for the purpose, or if during intervals of leisure which occur in the course of his employment he is injured, he may still be within the scope of his employment and entitled to the benefits of the act. *Sundine's Case,* 218 Mass. 1. *Blovelt* v. *Sawyer,* 6 W. C. C. 16. But the principle of these cases is not applicable where the servant leaves the sphere of his employment for some purpose of his own entirely disconnected with and not in any way incidental to the employment.

The decree is to be reversed.

*Decree to be entered for the employer.*