# BALTIMORE CAR FOUNDRY COMPANY

*vs.*

# SOPHIA RUZICKA.

*Workmen's Compensation Law*: *willful negligence of workman;
how far a bar; crossing tracks in car-construction shed.*

In a car construction shop several cars were standing wait-
ing the time when an engine should back in, couple them up,
and remove them; there was a plank passageway across the
tracks for workmen to pass from one side of the shop to the
other; about the lunch hour a trainman walked down the line
warning workmen that the engine was about to back in and
couple them up; this was done about five minutes later; not-
withstanding this warning, a workman attempted to cross be-
tween two of the cars; he might have had time to make the
crossing, but he stopped a moment to talk to a companion and
was crushed to death: *Held,* that his crossing between the cars
did not constitute such "willful misconduct" as is declared to be
a sufficient bar from compensation.                pp. 493, 494

The death in this case was held to appear to have been due
to an erroneous impression on the employee's part that there
was sufficient time for him to pass.                p. 495

*Decided April 3rd, 1918.*

Appeal from the judgment of the Circuit Court for Anne Arundel County. (Moss, J.)

The facts are stated in the opinion of the Court.

The cause was argued before Boyd, C. J., Briscoe, Thomas, Urner and Stockbridge, JJ.

*Edward Duffy,* for the appellant.

*Edward J. Colgan, Jr.* (with whom was *Frank J. Pintner,* on the brief), for the appellee.

Urner, J., delivered the opinion of the Court.

Upon this appeal from a judgment of the Circuit Court for Anne Arundel County, affirming an order of the State Industrial Accident Commission, the main question to be decided is whether the death of Frank J. Ruzicka, to whose widow an award was made by the Commission under the Workmen's Compensation Law, was the result of his "willful misconduct" within the meaning of that statute, which by its 46th section provides that "no employee or dependent of any employee shall be entitled to receive any compensation or benefit under this Act, on account of any injury to or death of an employee caused by self-inflicted injury, willful misconduct, or where the injury or death resulted solely from the intoxication of the injured employee."

Ruzicka was crushed and killed while attempting to pass between two cars on a track in the car-erecting shop of the Baltimore Car Foundry Company in which he was employed as a maker of decks or platforms for the cars there in course of construction. The accident occurred in the evening as the day's work was closing and Ruzicka was starting to leave the shop on his way to his home. The cars between which he tried to pass were two of a number of finished cars, stand-

ing at intervals on the track, and ready to be coupled together and drawn out of the shop by an engine which had been brought to the end of the building for that purpose. A trainman had passed along the track notifying all the workmen that the cars were about to be coupled and moved. At a distance of about eighty feet from the place where Ruzicka had been working there was a boardwalk over the track referred to, and others parallel with it, which was intended for the use of the workmen in crossing the tracks in going to and from their work. There does not appear to have been any enforced rule requiring the employees to use the boardwalk alone in passing from one side of the building to the other, and they could, if they chose, in going home, cross the tracks at other points. When the trainman who gave warning as to the coupling and removal of the cars passed Ruzicka's place of work, the latter was in the act of putting on his coat. It was about five minutes later that the engine, on signal from the trainman, began the movement by which the cars were coupled. An employee who saw the accident testified that he told Ruzicka, as he was about to go between the cars, that he ought not to do so because they were ready to be moved, but Ruzicka said: "That is all right; I will go through before they start." If he had passed on promptly, he would have crossed in safety, as the cars were not moved during the next five minutes, but as he reached the track he was engaged in conversation by another workman for about the period just mentioned, and then as he was passing between the couplers, which were three or four feet apart, the movement of the cars was begun and he was crushed to death.

It is, of course, perfectly clear that the fatal accident we have described was the result of Ruzicka's own negligence. But we agree with the Court below and the State Industrial Accident Commission in the opinion that the highly imprudent act which caused the unfortunate man's death is not properly to be characterized as willful misconduct. It lacked the element of intentional impropriety which those words

imply. It was a thoughtless and heedless act, but not a willful breach of a positive rule of conduct or duty.

In *Bradbury's Workmen's Compensation Law,* 3rd ed., p. 531, where numerous decisions on the subject are collected and discussed, it is said: "No general rule of law can be established defining accurately what constitutes willful misconduct. The question is one of fact and must be determined by the facts presented in each particular case. The conduct must be willful, which means that it must be intentional, that is, deliberate, with an exercise of the will as opposed to accident, negligence, inadvertence, and thoughtless acts on the spur of the moment or an error of judgment."

On the appeal to the House of Lords in *Johnson v. Marshall Sons & Co.,* 94 L. T. 828, LORD CHANCELLOR LOREBURG, in defining "serious and willful misconduct," as used in the British Workmen's Compensation Act, said that the word "willful" imports that "the misconduct was deliberate, not merely a thoughtless act on the spur of the moment."

In discussing a provision in the California Workmen's Compensation Act, similar to the one with which we are here concerned, the Supreme Court of that State said: "Willful misconduct involves something more than negligence, and it does not even include every violation of a rule." *U. S. F. & G. Co.* v. *Industrial Accident Commission,* 163 Pac. 1013. The contention in that case, which the Court overruled, was that the injured employees, who were suffocated in a wine vat, were guilty of willful misconduct in entering the vat without previously testing it for noxious fumes according to the customary method of observing that precaution. It was held in *Gignac v. Studebaker Corporation* (Mich.), 152 N. W. 1037, that a checker of automobile shipments whose foot was crushed between the bumpers of freight cars over which he was climbing, without knowing whether the train was about to move, was not, as a matter of law, guilty of such "intentional and willful misconduct" as would defeat recovery under the Michigan Workmen's Compensation Act. In

*Nickerson's Case*, 218 Mass. 158, it was decided that the act of a painter in working near machinery while it was in motion, contrary to an order that the painting be done during the noon hour when the machinery was stopped, should not be regarded as "serious and willful misconduct," within the provisions of the Massachusetts Workmen's Compensation Act, the Court observing that willful misconduct "is a very different thing from negligence, or even from gross negligence," and "the fact that the injury was occasioned by the employee's disobedience to an order is not decisive against him. To have that effect, the disobedience must have been willful."

Other illustrative cases on this subject are cited in an elaborate annotation on workmen's compensation laws in *L. R. A.*, 1916 A, 75, 243.

In the present case it is evident that the death of Ruzicka was due to his erroneous assumption that there was sufficient time for him to pass between the cars before they were moved. There was in fact ample time for that purpose when he started to cross, but when, after his progress had been interrupted by the conversation in which he became engaged with another workman, he resumed his forward movement, he apparently failed to realize how long he had been delayed. This was a very serious lapse of memory and judgment. It led him into an imminent peril which he could readily have avoided by ordinary attention. But in thus neglecting to have proper regard to his safety he was not, in our opinion, guilty of *willful misconduct* within the purview of the Workmen's Compensation Law, which, except in cases of injury produced by *such* misconduct or self-inflicted, or due to intoxication, provides compensation for the disability or death of employees resulting from accidental personal injury arising out of and in the course of the employment "without regard to fault as a cause of such injury."

It was argued that Ruzicka's death did not arise out of and in the course of his employment since he was killed

while leaving the car shop by a route other than the board-walk which led to the place of exit. As we have already stated, the workmen were not required to use the boardwalk, but they could pass elsewhere over the tracks, in going to and from their working places, and we think that the accident, which resulted in Ruzicka's death, and which occurred while he was on the employer's premises and immediately at the close of the day's labor, should be regarded as arising out of and in the course of the employment. This conclusion is fully in accord with the general trend of the many decisions upon questions of this nature which are cited in the annotation heretofore referred to in *L. R. A.,* 1916 A, 40, 232.

The specific exceptions in the record were taken to the refusal of the lower Court to rule that the death of the plaintiff's husband was caused by his willful misconduct, and to reverse the decision of the State Industrial Accident Commission, which overruled that defense and awarded compensation to the widow on the statutory basis. In our judgment the rulings excepted to were correct.

*Judgment affirmed, with costs.*