JULIA A. ROBINSON *vs.* THE STATE OF CONNECTICUT
(JULIA A. ROBINSON'S APPEAL FROM COMPENSATION
COMMISSIONER).

Third Judicial District, New Haven, June Term, 1918.

PRENTICE, C. J., RORABACK, WHEELER, BEACH and SHUMWAY, Js.

A working foreman of a gang of men engaged in repairing a much-
traveled highway, whose duties did not require his uninterrupted
attention, does not depart from the course of his employment,
as matter of law, merely because he starts to cross the road to
speak to a passing friend in response to his salutation—at least in
the absence of any evidence as to how long he intended to talk,
or that his act in crossing for the purpose indicated did interfere,
or would have interfered, with the due performance of his work as
foreman.

One claiming compensation under our Workmen's Compensation Act
assumes the burden of proving that the injury to the employee
arose out of and in the course of his employment.

The Compensation Commissioner found that the employee's object
in crossing the road was to converse with an acquaintance who
had driven up. *Held* that such finding was an inference of fact
which was supported by the evidence.

Argued June 7th—decided July 23d, 1918.

APPEAL from the dismissal by the Compensation
Commissioner of the third district of the plaintiff's
claim for compensation on account of the death of her
son, an employee of the State, taken to and tried by
the Superior Court in New Haven County, *Case, J.*,
which affirmed the decision of the Commissioner, and
from this judgment the plaintiff appealed. *Error;
judgment to be rendered for the plaintiff.*

This is a proceeding under the Workmen's Com-
pensation Act by Julia A. Robinson, mother and de-
pendent of Adelbert Robinson, deceased, against the
Highway Department of the State.

Robinson was an assistant foreman of the State

Highway Department, and at the time of the injury which caused his death was employed as working foreman of a gang of workmen engaged in repairing the State highway between North Haven and Wallingford, by patching the same with broken stone and oil. He was at work on the easterly side of the middle of the roadway behind a dumpcart, which obstructed to some extent the view of travelers approaching from the north. While so engaged, one Palmer drove an automobile delivery wagon in a southerly direction past the place where Robinson was at work, and waved his hand to him, calling "Hello, Dell." Palmer was an old friend of Robinson, knew that he was working somewhere along the road, and intended to have a talk with him, if opportunity occurred. For this purpose Palmer stopped his car on the extreme westerly edge of the road, looked back for an instant and saw that Robinson was walking diagonally across the road toward him, moving quickly, with his head down. While so crossing the road Robinson was struck and killed by a touring car driven southerly along the highway. The Commissioner dismissed the claim on the ground that the injury did not arise out of and in the course of Robinson's employment, and the Superior Court on appeal ratified and confirmed the Commissioner's award.

This appeal assigns as error the refusal of the Superior Court to correct the findings of the Commissioner in certain respects, and that the court erred in confirming the award of the Commissioner on the facts found.

*Harrison Hewitt* and *Charles E. Clark*, for the appellant (plaintiff).

*George E. Hinman*, Attorney-General, and *Jacob P. Goodhart*, for the appellee (defendant).

BEACH, J. It is not necessary to discuss the motion to correct, any further than to say that paragraph twelve of the Commissioner's finding, which states that Robinson's object in crossing the road was to converse with Palmer, is an inference of fact which is supported by the evidence. Paragraph fourteen is a conclusion of law which is decisive of the case, and the motion to correct this paragraph attempts to raise the same questions of law which are raised by the first, second and fifth assignments of error, namely, whether the court erred in holding that upon the facts found Robinson's injury did not arise in the course of his employment.

Robinson was employed to supervise and inspect the work done by the rest of the gang, and also to assist in the work. If his injury arose out of and in the course of either branch of his work, his dependent is entitled to compensation.

There is nothing in the finding to indicate how long Robinson intended to talk with Palmer. We have only the bare fact that he started to cross the road, and the fair inference from the surrounding circumstances that his object was to engage in conversation with Palmer for some length of time, however short. The finding that Robinson also performed such physical labor on the road as was in his judgment necessary, indicates that the due performance of his supervisory work did not require his continuous presence at any particular place on the roadway, and did not require his uninterrupted attention.

The burden of proof was, of course, on the claimant to show that Robinson's injury arose out of and in the course of his employment. That it arose out of his employment is not denied; and in this respect the case at bar differs from *Jacquemin* v. *Turner & Seymour Mfg. Co.*, 92 Conn. 382, 103 Atl. 115, and from all the other cases cited, in which the injury did not arise

from a risk incidental to the performance of the contract of employment.

The injury also happened at a place where Robinson might reasonably be, consistently with the due performance of his supervisory duties, and in this respect the case at bar differs from *O'Toole's Case*, 229 Mass. 165, 118 N. E. 303, and from *Reed* v. *Great Western Ry. Co.*, L. R. (1909) App. Cas. 31, and from the numerous other cases where the injured employee was confined by the nature of his employment to some particular place or machine, and had left that place or machine at the time of the injury.

Finally, Robinson's employment as foreman did not require his uninterrupted attention. No doubt he was expected to work on the road in the larger intervals of his supervisory employment, but he was necessarily a foreman at all times and his conduct must be measured accordingly.

Upon the findings of the Commissioner, the case turns on the question whether one employed as foreman of a repair gang on a much-traveled State highway steps outside of his employment as matter of law, because he starts to cross the road, in response to a friendly salutation, for the purpose of conversation, when there is no evidence as to how long he intended to talk, and no evidence that his starting to cross the road did interfere, or that his intended conversation would have interfered, with the due performance of his work as foreman. We think this question must be answered in the negative.

There is error, and the case is remanded with direction to set aside the judgment and to recommit the cause to the Commissioner for an award in favor of the claimant.

In this opinion the other judges concurred.