ELLA M. BROWN ET AL. *v.* BRISTOL LAST BLOCK COMPANY ET AL.

October Term, 1919.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed January 20, 1920.

*Master and Servant—Workmen's Compensation Act—Burden of Proof—Injury Arising Out of and in the Course of Employment—Contributory Negligence No Defence—Plaintiff*

*Not Required to Prove Negative—Fact Not Assumed to Reverse Case—Act Liberally Construed.*

1. In an action under G. L. 5768, of the Workmen's Compensation Act, to recover compensation for injuries, the burden is on the plaintiff to show, not only that the injury was an accident, but that the accident arose out of and in the course of the injured workman's employment.

2. Within the meaning of G. L. 5768, an injury arises in the course of the employment when it arises within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment; and it arises out of the employment when it occurs in the course of it, and as a proximate result of it.

3. Where a servant employed with his team was killed by it about the noon hour, after he had eaten his dinner, while attempting to stop the team which was running away, the accident arose out of and in the course of his employment within the meaning of G. L. 5768.

4. Contributory negligence does not prevent recovery under the Workmen's Compensation Act, in view of G. L. 5766.

5. There was no burden upon the plaintiffs to show that the deceased employee was not resting or doing something else wholly unconnected with his employment at the time the horses started to run away; they not being called upon to prove a negative.

6. The Supreme Court, to reverse a case, will not assume a fact not shown by the record.

7. The fact that the horses belonged to the employee would not defeat recovery, because, at the time of the accident, they were hired by the employer, their services belonged to it, and it was materially interested in that service.

8. The Workmen's Compensation Act, being framed on broad principles for the protection of the workman, should receive a liberal and reasonable construction.

APPEAL by the defendants from the findings of fact and award of the Commissioner of Industries. The opinion states the case.

*Ainsworth, Carlisle, Sullivan & Archibald* and *Lawrence, Lawrence & Stafford* for the defendants.

*J. G. Page* and *Allen R. Sturtevant* for the plaintiffs.

MILES, J.   This case comes here on appeal from the finding of facts and award of the Commissioner of Industries.   No question is made in the brief of the defendants but that Joseph Brown, the husband of Ella M. Brown, the plaintiff, was employed by the defendant Bristol Last Block Company at the time of his injury which resulted in his death, and that his employment included his team of two horses, and that the injury was the result of an accident.

[1]   The statute under which this action is brought is as follows:   "If a workman receives personal injury by accident arising out of and in the course of such employment, his employer or insurance carrier shall pay compensation in the amounts and to the person or persons hereinafter specified." G. L. 5768.   To recover under this statute it was necessary for the plaintiff to show, not only that the injury was the result of an accident, but that the accident arose out of and in the course of Brown's employment.   *Robinson* v. *State*, 93 Conn. 49, 104 Atl. 491.   The burden is upon the plaintiff to make out all these conditions.   It is not enough that the injury arose in the course of the employment.   It must also have arisen out of the employment.

[2]   It is not easy to give a definition of the phrase, "accident arising out of and in the course of such employment," that will apply to every case arising under the Workmen's Compensation Act.   *In re McNichol*, 215 Mass. 497, 102 N. E. 697, L. R. A. 1916 A, 306.   It is enough now to say that an injury arises in the course of the employment when it arises within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment; and an injury arises out of the employment when it occurs in the course of it and as a proximate result of it.   *Larke* v. *Hancock Mutual Life Ins. Co.*, 90 Conn. 303, 97 Atl. 320, L. R. A. 1916 E, 584; *In re McNichol, supra; Jacquemin* v. *Turner et al.*, (Conn.) 103 Atl. 115; *Rees* v. *Thomas*, 1 Q. B. 1015; *Coronado Beach Co.* v. *Pillsbury*, 172 Cal. 682, 158 Pac. 212, L. R. A. 1916 F, 1164; *State* v. *District Court*, 129 Minn. 176, 151 N. W. 912.   When an injury is a natural and necessary incident or consequence of the employment, though not foreseen or expected, it arises out of it.   *Larke* v. *Hancock Mutual Life*

*Ins. Co., supra.* A risk is incidental to the employment when it belongs to, or is connected with, what a workman has to do in fulfilling his contract of service. *Bryant* v. *Fissell*, 84 N. J. Law, 86 Atl. 458.

[3, 4]   No question is raised in the case at bar that Brown was in the employ of the Bristol Last Block Company on the day of the accident, and that the accident happened about the noon hour; that Brown had eaten his dinner; that for some unknown cause the horses ran away; that Brown tried to stop them; and that in trying to do so he was run over by them and killed. These principles we think bring this case within the doctrine stated in the cases cited above. The accident happened while Brown was doing the duty which he was employed to perform, and at a place where he had a right to be in the performance of that duty. The accident, we think, was received in the course of his employment.

It is apparent to the rational mind, upon consideration of all the circumstances, that there was a causal connection between the conditions under which the work was required to be performed and the resulting injury. The agency which produced the injury was the instrumentality with which the workman's labors were performed and without which he would not have been injured. He may have been negligent in the use of that agency; but that does not defeat recovery. G. L. 5766. We think the facts, about which there is no dispute, clearly support the finding of the commissioner that the accident arose out of Brown's employment.

The defendant excepted to the findings of the commissioner that there were marks upon the body of Brown apparently made by the hoofs of the horses, and that he was preparing the horses for the afternoon work when they became frightened and ran away. But whether there was evidence tending to show those facts is of no importance, and we take no time in searching the transcript in respect to that matter. It is conceded that the horses ran over Brown and killed him. It is of no importance whether they ran over him when he was preparing them for work or when he was trying to stop them when they were running away. In either case he was performing a duty which he owed the master, and which was necessary to perform in order to enable him to proceed with the afternoon work. It is equally of no importance whether marks of the horses' hoofs were upon Brown's

body; for no one disputed the fact that Brown was killed by the horses running over him, and whether it was done by the horses stepping upon his body or otherwise could not affect the result of this suit.

The most of the evidence was devoted to the inquiry of whether the accident happened while Brown was resting at the noon hour, and while the horses were eating their feed, or just after and before work for the afternoon was resumed; the contention of the defendants being that the employment was suspended during that time. But this contention is not sound. This Court has held in *Ingram's Admx.* v. *Rutland R. R. Co.,* 89 Vt. 278, 95 Atl. 544, Ann. Cas. 1918 A, 1191, that the circumstances may be such that the duty may cover the servant's trip across the premises to and from his working place, and the circumstances may be such that a servant may step aside to get a drink of water, may go into a building to get warm, may withdraw to answer a call of nature, may stop to talk with a fellow workman, may go to a convenient place to eat or wash or get fresh air, to hang up his coat, or even to rest, without forfeiting his right as an employee. It is said in that case: ''Such digressions and interruptions are to be expected, and, when reasonably necessary, are held to be within the contemplation of the parties when the contract of employment is entered into, and covered thereby. The relation is not in such case interrupted, but continues.''

[5-7]   The defendants further argue that because there was no evidence tending to show that Brown was not resting or doing something else wholly unconnected with his employment at the time the horses started to run away that there was no evidence supporting the commissioner's ultimate finding. The applicants were not called upon to prove that negative and the appeal does not raise it. If it were raised, we could not assume a fact not shown by the record to reverse the case. *First National Bank of Montpelier* v. *Bertoli,* 88 Vt. 421, 92 Atl. 970. In this connection some question is made that the horses were owned by Brown, and therefore what he did in trying to stop them was an act in his own interest and not in the interest of his employer. But this position is not tenable to its full extent. The horses were hired by the employer, and, for the time in which the accident happened, their services belonged to it, and the employer was materially interested in that service.

[8]    The act should have a liberal and reasonable construction.    It is framed on broad principles for the protection of the workman.   Relief under it is not based on the neglect of the employer or affected by acts of negligence on the part of the employee.   It rests on the economic and humanitarian principle of compensation to the employee, at the expense of the business, or to his representatives for earning capacity destroyed by an accident in the course of, or connected with, his work.   *Waters* v. *William J. Taylor Co.*, 218 N. Y. 248, 112 N. E. 727, L. R. A. 1917 A, 347.

*The award is affirmed, with costs.   Let the result be certified to the Commissioner of Industries.*