RACHAEL E. HARRIS *v.* R. P. DOBSON & CO. ET AL.

*Workmen's Compensation—Wilful Misconduct—Disregard Of Orders.*

Irrespective of possible errors in rulings on other issues, the affirmance, by the lower court, of an order of the Industrial Accident Commission denying compensation, must be affirmed, if the finding of fact by the lower court and the commission, on the question of the wilful misconduct of the injured workman, was against the claimant, and the rulings of law with respect to that issue were correct.          p. 75

"Wilful misconduct," barring a claim for compensation, may consist in disregard of rules or orders, but there must be some-

thing more than thoughtlessness, heedlessness, or inadvertence; there must be, at least, a wilful breach of the rule or order.

p. 76

The breach of a rule or order may be so clearly one not within the meaning of the statute, that the court, construing the statute, must exclude the particular case therefrom, as a matter of law, but where it is not so clear, the question must be decided as one of fact.                                    p. 76

Under section 56 of the Workmen's Compensation Act, the decision of the Industrial Accident Commission on the question of wilful misconduct is to be taken as *prima facie* correct.  p. 76

On a claim for compensation for death, the Industrial Accident Commission having decided that in working in a ditch before it was shored up, in disregard of his foreman's order and of warnings, decedent was guilty of wilful misconduct, *held* that the lower court correctly disposed of the question as one of fact rather than of law.                                    p. 77

A prayer that the claimant was entitled to recover unless the court, sitting as a jury, found that by his own wilful misconduct decedent intended to place himself in a position whereby he might expect to meet with injury or death, and that in carrying out such intention he met his death, and a prayer that the claimant was entitled to compensation even though decedent failed to comply with the order not to work in the ditch, unless the court, sitting as a jury, found that such noncompliance with the order constituted such wilful misconduct as to show that decedent intended to place himself in such a hazardous position that injury or death might result, *held* to be at least as favorable to the claimant as she could ask.                    pp. 75, 77

The decision of a question of fact, in a case arising under the Workmen's Compensation Act, although by the court without a jury, is not reviewable by the Court of Appeals.          p. 77

In the case of a claim for the death of one working in a ditch, in disregard of orders, before it was shored up, the case having been tried on the assumption, by the parties, the commission, and the lower court, that the death resulted from the caving in of the ditch, *held* that the Court of Appeals would not, because it appeared to have been the fall on deceased of a pile of dirt which caused his death, and not the caving in of

the ditch, infer that the contemplated shoring would have prevented the caving in only, and that consequently decedent's disregard of orders, even if wilful misconduct, did not cause his injury and death.                                    p. 78

*Decided February 17th, 1926.*

Appeal from the Superior Court of Baltimore City (FRANK, J.).

Claim by Rachael E. Harris against R. P. Dobson & Co., employer, and the New Amsterdam Casualty Co., insurer. From a judgment affirming an order of the State Industrial Accident Commission, denying compensation, the claimant appeals. Affirmed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, and WALSH, JJ.

*Lindsay C. Spencer* and *Joseph Siegel,* with whom were *Fleet W. Cox* and *Siegel & Siegel* on the brief, for the appellant.

*Harry E. Karr* and *William L. Henderson,* with whom were *Irving C. Goldstein* and *Stewart & Pearre* on the brief, for the appellees.

BOND, C. J., delivered the opinion of the Court.

The appellant, claiming to be the widow, of John W. Harris, a colored laborer who was killed while in the employ of R. P. Dobson & Co., appeals from a judgment of the Superior Court of Baltimore City, which affirmed the order of the State Industrial Accident Commission, denying compensation to her and her infant child. The commission found that the death was not caused by an accident arising out of and in the course of the deceased's employment, and that he had been guilty of wilful misconduct causing the accident. The court below, on appeal, found against the

claimant solely on the ground of wilful misconduct by the deceased.

Harris was employed by Dobson & Co.'s foreman on Saturday, February 2nd, 1925, in connection with the construction of a building in Baltimore City, and put to work at digging a ditch for pipes. He worked part of Saturday. The foreman then told the men at the ditch not to go back into it on the Monday following until it was shored up. The foreman and one workman, Powell, testified that he told the men to wait until he himself came and shored it up, and another workman, Manley, testified that the order was merely not to go into the ditch until it was shored up. The ditch was then ten or fifteen feet deep. On Monday morning, at 7:30 o'clock, when Harris and the two other men came to work, there was no one there to give orders, or to shore the ditch up, and not knowing what else to do, Harris and Manley resumed digging in the ditch, as usual, one man digging from the bottom, and the other piling the earth up on top. The third workman, Powell, testified that he refused to go in, and repeated the foreman's order to the others. Harris replied that he had nothing else to do, and went in. Powell was then called away to other work. Harris worked on top for a while, and then, exchanging places with Manley, went below. At this time Manley expressed to a plumber on the job some apprehension about working in the ditch without the shoring, and the plumber went to get lumber and a saw for it. While he was away, dirt fell in on Harris and crushed him so that he died shortly after.

The first objection presented on this appeal is to the refusal of certain issues prepared and submitted by the appellant, and the granting of others submitted by the employer and insurer. The two sets of issues present exactly the same questions, the differences being in phraseology; and the preference of the appellee's forms seems to us to have been without any prejudice to the appellant. There is no error to be corrected in this respect, therefore.

The second exception is to the action of the court below on the prayers for rulings of law. We find it unnecessary to consider any of the rulings other than those relating to the issue of wilful misconduct of the deceased, for it seems to us that the rulings of law with respect to that issue were correct, and the finding of fact on the issue against the claimant being a complete bar to her claim, the affirmance below of the order of the commission denying compensation must be affirmed here, irrespective of any possible error in rulings on other issues. By the granting of her third prayer, as modified by the court, the claimant was declared entitled to recover, on other facts subsequently found by the court "unless the court, sitting as a jury, further finds that by his own wilful misconduct, the said John W. Harris intended to place himself in a position whereby he might expect to meet with injury or death, and in carrying out such intention, met his death as the result of the injuries received by him." And, again, the court declared, by granting the appellant's sixth prayer with modifications, that if it were found that on returning to work Monday morning Harris did not wait as ordered by the foreman on Saturday, but worked in the ditch and was killed by the caving in, still, "Rachael E. Harris is entitled to compensation, unless the court, sitting as a jury, further finds that the failure to follow said instructions constituted such wilful misconduct on the part of the deceased, John W. Harris, as to show that he intended thereby to place himself in such a hazardous position that injury or death might result as the reasonable consequence of his act." And the court refused to declare, as prayed in the appellant's seventh prayer, that there was no evidence legally sufficient to show wilful misconduct on Harris' part, and, at the same time refused to declare, on the appellee's prayer, that wilful misconduct was shown by uncontradicted evidence. On other prayers of the appellees the burden of proof upon the claimant, especially in view of the finding of the commission on this issue adverse to her claim. (Code, art. 101, sec. 56), was properly stated.

The meaning of the term "wilful misconduct" in the statute has been considered by this Court in earlier cases. *Baltimore Car Foundry Co. v. Ruzicka,* 132 Md. 491; *Beasman v. Butler,* 133 Md. 382. As was stated in the opinions in those cases, not all violations of rules or orders amount to wilful misconduct which, under the statute, disentitles an injured workman to compensation. Few operations, perhaps none, can be carried out in strict accordance with rules and orders; some departures in practice are inevitable. And we must assume that the Legislature had this in mind, and did not intend to deny compensation for injuries resulting from such ordinary departures. The very words "wilful misconduct," in their general acceptation, mean something else. The distinction has been variously expressed, but while the expressions are helpful, we are not prepared to accept any of them as giving final definitions. We must, of course, avoid restricting the words of the statute by explanations adopted in particular cases. That wilful misconduct may consist in disregard of rules or orders, has been decided in many cases. *Baltimore Car Foundry Co. v. Ruzicka, supra;* authorities collected in 23 A. L. R. 1168, and 26 A. L. R. 166. But there must be something more than thoughtlessness, heedlessness or inadvertence in it. There must be, at least, a wilful breach of the rule or order. *Baltimore Car Foundry Co. v. Ruzicka, supra; Gonier v. Chase Co.,* 97 Conn. 46, 57; *Mancini v. Scovill Mfg. Co.,* 98 Conn. 591. Of course, there may be cases in which the breach is so clearly one that does not come within the meaning of the statute, that the court, construing it, must exclude the particular case from it, as a matter of law. *Baltimore Car Foundry Co. v. Ruzicka, supra.* But where it is not so clear, the question must be decided as one of fact. And under the statute, section 56, the decision of the commission on the point is taken, *prima facie,* to be correct.

There was evidence here that the workman who was killed went into the ditch after having been twice warned not to do so until it was shored up. When he came to work

it had not been shored up, there was no one there to shore
it up, and no one to give him orders. And, according to
all the evidence, he and his fellow workman, Manley, went
into the ditch because they had nothing else to do. They
appear to have assumed that they must work, not thinking
of the alternative of temporary idleness, and their mistake
might be described as one of misjudgment, rather than that
of misconduct. The decision of the question whether, on
the uncontradicted evidence, it amounted to wilful miscon-
duct, within the meaning of the statute, is not free from
difficulty. However, the commission, which is a body of
men in touch with such practical work, viewed it as wilful
misconduct, and, this being true, we have concluded that in
this case the lower court was right in taking the question
up as one of fact, instead of disposing of it as a question
of law on the prayer submitted for that purpose. We find
that the court, in granting the prayers which it did grant,
stated the principles of law governing the decision on the
facts, at least as favorably to the claimant as she was en-
titled to have them stated; and there was, therefore, no
reversible error in any rulings on the prayers.

The appellant excepted to the decision of the court below
on the question of fact, and has contended that, under the
provisions of the Workmen's Compensation Act (Code, art.
101, sec. 56), when questions of fact are decided by the
court below, without a jury, the decision may be reviewed by
this Court. But we do not so construe the statute. It pro-
vides that appeals shall lie "from the judgment of the Cir-
cuit Court of the County or the common law courts of
Baltimore City to the Court of Appeals as in other civil
cases." Appeals from common law courts in civil cases do
not bring decisions of questions of fact before this Court
for review, and ever since the enactment of the statute
it has been the practice to confine the review to questions
of law. And it seems unreasonable to suppose that the
Legislature intended any such unusual proceeding on appeal,
especially as it would involve, under the Workmen's Com-
pensation Act, three successive decisions on questions of fact.

There is one question remaining to be discussed. It appears from the record that the case was tried below on the assumption of all parties that Harris was injured by the caving in of the ditch which was to be shored up. The prayers of the claimant as well as those of the employer and insurer so described the accident. In this Court attention is called to the fact that Manley distinctly stated, and stated more than once, that it was the pile of dirt which broke in on Harris, and that the side of the ditch did not cave in until the man was gotten out. And there is no evidence to the contrary. The appellant urges that shoring would have provided against caving in, only, and that the injury from the breaking in of the pile of dirt, which would have occurred irrespective of shoring, cannot be taken as the result of Harris' failure to wait for the shoring. From this it is argued that even if Harris should be found guilty of wilful misconduct in entering the ditch without the shoring, it would not be wilful misconduct which, under the statute, section 46, would prevent compensation, for it is only wilful misconduct which causes an injury that bars compensation. It is not stated anywhere in the record that the shoring contemplated would have protected. against caving in only; we are asked to infer that. But we feel we should not be justified in inferring it, in view, especially, of the fact that the parties, the commission and the court below with the witnesses before them, were unaware of any reason for distinguishing between the side of the ditch and the adjacent pile of earth.

*Judgment affirmed, with costs to the appellee.*