CARVEY v. W. D. YOUNG & CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—ACCIDENTAL INJURY—WILFUL MISCONDUCT.

Where plaintiff, a watchman, in making his rounds, rode a bicycle, and, in passing between two piles of lumber, lost his balance, grasped the end of a board and fell, the injuries caused thereby, resulting in partial paralysis, were accidental within the meaning of the workmen's compensation act, in the absence of proof that plaintiff was guilty of wilful misconduct.

2. SAME—FINDING OF DEPARTMENT OF LABOR AND INDUSTRY CONCLUSIVE IF SUPPORTED BY EVIDENCE.

Although plaintiff had suffered from arterio sclerosis and high blood pressure for some time, and was subject to occasional attacks of dizziness, where there was testimony that on the day of the accident he was all right, the finding of the department of labor and industry that his injury was accidental rather than due to disease and natural infirmities must be sustained, since the department is the trier of the facts, and its finding, if it has evidential support, is conclusive.

3. SAME—EMPLOYEE'S PREDISPOSITION TO DISEASE IMMATERIAL.

That plaintiff was predisposed, because of disease, to the form of attack from which he suffered, has nothing to do with the question of whether what befell him on the occasion in question is to be regarded as an accident.

Certiorari to Department of Labor and Industry. Submitted May 4, 1922. (Docket No. 64.) Decided June 5, 1922.

Abram Carvey presented his claim against W. D. Young & Company for injuries received in defendant's employ. From an order awarding compensation, defendant and the Lumbermen's Mutual Casualty Company, insurer, bring certiorari. Affirmed.

On injuries arising out of and in the course of the employment within meaning of workmen's compensation acts, see notes in L. R. A. 1916A, 40, 229; L. R. A. 1917D, 114; L. R. A. 1918F, 896.

On what constitutes serious and wilful misconduct of employees within the meaning of workmen's compensation acts, see L. R. A. 1916A, 75, 243, 355; L. R. A. 1917D, 133.

On effect of fact that pre-existing disease contributed to injury or death on right to recover, see note in L. R. A. 1917D, 110, 129.

*Crane & Crane* and *W. J. Nash,* for appellants.

*F. P. McCormick,* for appellee.

CLARK, J.     Plaintiff in making his rounds as a watchman rode a bicycle.     On November 6, 1920, while passing between some piles of lumber he lost balance momentarily and, in an effort to save himself, grasped the end of a board in one of the piles. The bicycle passed from under him.     He fell and claims that he was thereby injured.     He was 64 years of age and for some time had suffered from arterio sclerosis and high blood pressure.     He had occasional attacks of dizziness.     He, complaining principally of an injury of his shoulder and arm, completed his duties that day with difficulty and has not worked since.     He became partially paralyzed.     The department of labor and industry found an accidental personal injury arising out of and in the course of the employment, that the accident resulted in disability from November 6, 1920, to June 30, 1921, that the disability ended on the last mentioned date, and awarded compensation accordingly.     Defendants bring certiorari and say:

1. That there was no accident, that:

"If plaintiff had run over some object in his path, or his bicycle had slipped on the floor or any one of many unusual things had occurred, we would not question that he had had an accident.     But not so under the facts of this case.     Whatever happened to plaintiff was through his own voluntary act.     What he did was done deliberately and knowingly.     There was absolutely nothing unusual in this man's falling from his bicycle.     It was no unusual or fortuitous circumstance which the law requires."

The contention has no merit.     It may be that plaintiff's fall from the bicycle was due to his inattention, carelessness or negligence.     Perhaps in the emergency his attempt to prevent a fall by grasping the board was unwise.     But there is neither claim nor proof

that plaintiff was guilty of that wilful misconduct which would relieve defendants of liability for the consequences of an accidental personal injury arising out of and in the course of the employment. Section 5432, 2 Comp. Laws 1915.

2. That the accident was caused by, and the subsequent disability was due to, disease and natural infirmities of plaintiff. There is considerable testimony in the record sustaining this claim of the defendants. But the department is the trier of the facts. If the finding that the disability, cerebral hemorrhage with resulting paralysis, was attributable to an accidental personal injury under the act has evidential support it must be sustained.

Plaintiff testified:

"*Q.* Could it have been possible that you had a dizzy spell this time when you fell off?

"*A*. No, I don't think I was dizzy, I was all right that day, some days I was worse than others."

A physician testified:

"*Q.* Doctor, was there anything—he did give you some history of falling?

"*A.* That he had fallen off his wheel.

"*Q.* And injured his shoulder?

"*A.* And injured his shoulder.

"*Q.* Did the history as you received it at that time have any connection in your mind with the condition that you found there, a partial paralysis of the left side?

"*A.* No, at that time it did not.

"*Q.* Well, has it any time since or would it now?

"*A.* All I can say is that his fall might have been responsible for the subsequent development of the partial paralysis.

"*Q.* In what way, what connection would the shoulder have with the paralysis?

"*A.* In this way that paralysis in these cases is usually due to rupture of small vessels, the extent of the paralysis depending largely on the amount of hemorrhage as a rule.

"*Q.* These hemorrhages are where?

"*A.* In the brain.

"*Q.* Then your theory or your belief, doctor, is that the jar itself would cause a slight hemorrhage in the brain and thus cause what is commonly known as a cerebral hemorrhage. Isn't it true that a cerebral hemorrhage might bring on a paralysis?

"*A.* Not always, as an example a man may fall on the street or suffer a fracture of the skull with hemorrhage and he may subsequently go to his home and become unconscious from the gradual accumulation of blood in the brain. That is, it depends, understand, upon the immediate extent of hemorrhage.

"*Q.* Do you believe that the condition that you found on the 9th was the result of a cerebral hemorrhage?

"*A.* Apparently of a slight hemorrhage.

"*Q.* And then the history of it all, in your estimation, it would probably produce a hemorrhage?

"*A.* It might, especially on account of the arterio sclerotic condition of the brain, it might, I wouldn't want to state definitely that it did.

"*Q.* But it would be a satisfactory explanation from the fact that the hemorrhage existed?

"*A.* His paralysis would, yes.

"*Q.* Isn't it true, doctor, that where an arterio sclerotic condition exists and where the hemorrhage occurs without any exertion whatever, like coming on in bed, that it is usually of a more serious nature?

"*A.* Yes, it usually is.

"*Q.* And that the paralysis caused where the cerebral hemorrhage is caused by some slight accident is of a lesser nature many times than what the other kind would be?

"*A.* Well, it might be.

"*Q.* Because some smaller vessel breaks instead of the larger artery?

"*A.* Yes."

And of plaintiff's condition on June 30, 1921, a physician testified:

"Well, his paralysis has partially cleared up. His speech defect is practically cleared up, he has a little trouble at times but he still apparently has a weakness of his left leg and arm."

Even if, as claimed, these witnesses gave other testimony in conflict with that quoted, the weight of the testimony quoted was for the department to determine. *Meyers* v. *Railroad Co.*, 199 Mich. 134; *Parnell* v. *Pungs*, 190 Mich. 638.

If there were no evidence to meet the contention of defendants that plaintiff's fall was occasioned by disease, an attack of dizziness, the holding in *Van Gorder* v. *Packard Motor Car Co.*, 195 Mich. 588 (L. R. A. 1917E, 522), and like cases, might require a finding that the accidental personal injury did not arise out of and in the course of the employment. But plaintiff's testimony that he was "all right that day," not dizzy, makes this case clearly distinguishable.

Because of the testimony quoted, the history of the disability and the circumstance of cerebral hemorrhage and paralysis following the fall, we cannot say that the finding is without evidence to support it. See *Kirkley* v. *General Baking Co.*, 217 Mich. 307; *Paton* v. *Port Huron Engine & Thresher Co.*, 214 Mich. 130, and cases there cited. And the fact that plaintiff was predisposed because of disease to this form of attack has nothing to do with the question of whether what befell him is to be regarded as an accident. *St. Clair* v. *A. H. Meyer Music House*, 211 Mich. 285, and cases there cited.

The award is affirmed.

FELLOWS, C. J., and WIEST, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.