# Ford Motor Co. v. Smith et al.

Sept. 27, 1940.

B. H. Farnsley, Judge.

Woodward, Dawson & Hobson and J. Paul Keith, Jr., for appellant.

Gavin H. Cochran and William S. Kammerer for appellees.

OPINION OF THE COURT BY JUDGE FULTON—Affirming.

This appeal brings into question the correctness of the trial court's judgment in affirming an award to the dependents of Hendon R. Smith by the Workmen's

Compensation Board. Smith lost his life when an automobile he was driving left the highway and struck a tree. The appellant concedes that his death occurred as a result of injuries arising out of and in the course of his employment but contended before the Board and now contends that compensation should not be awarded because 1) his death was caused by his wilful misconduct, 2) that his death was caused by wilful intoxication and 3) that in any event under the provision of Section 4910, Kentucky Statutes, the award should be decreased by fifteen percent because the fatal accident was caused by the intentional failure of the deceased to obey the lawful and reasonable rules of the appellant enacted for the safety of its employees and the public.

The deceased was a zone manager of the appellant and in August, 1937, he was in Campbellsville consulting with appellant's dealers on company business. After the business was concluded the deceased, in company with the dealers and J. E. Quinn, another of appellant's zone managers who was present, made a visit to a liquor dispensary eight miles in the country. The deceased drank a bottle of beer and took two drinks of whisky, one apparently small drink and one very large drink. The party then returned to Campbellsville and some time later Smith and Quinn started for Louisville, each in separate cars, Quinn in front. Quinn says that he was driving approximately seventy miles per hour and that the deceased was following his car and he would occasionally watch for the deceased's car lights. After approximately sixteen miles of the road had been traversed, Quinn ascertained that the deceased was not keeping up with him, whereupon he went back towards Campbellsville and found that Smith had been injured when his car left the road and struck a tree standing very near the side of the road. Several people were there present. The evidence discloses that there were many dangerous curves on the road from Campbellsville to Lebanon and that the curve on which Smith lost his life was about the last of the dangerous curves.

None of the witnesses testify that the deceased was intoxicated at any time, although one witness, who was with him at the dispensary, stated that he was "affected" by the drinks he had had and another witness says that the crowd was laughing and talking and ap-

parently felt their drinks. The accident occurred approximately one hour and a half to two hours after the drinks were taken.

Section 4882 of the Kentucky Statutes provides that compensation shall not be paid on account of the injury to or death of an employee caused by wilful misconduct or intoxication of such employee. It is the contention of appellant that the deceased lost his life as a result of wilful misconduct in driving at an excessive rate of speed and by reason of intoxication.

In Harlan Gas & Coal Co. v. Trail, 213 Ky. 226, 280 S. W. 954, 956, and in Black Mountain Corp. v. Higgins, 226 Ky. 7, 10 S. W. (2d) 463, wilful misconduct such as to defeat the right to compensation was defined as follows:

> "Willful misconduct is something more than ordinary or even gross negligence. It involves conduct of a quasi criminal nature, the intentional doing of something, either with knowledge that it is likely to result in serious injury, or with a wanton and reckless disregard of its probable consequences."

It is at once apparent that driving an automobile at an excessive rate of speed is not wilful misconduct within the terms of this definition. The most that can be said in favor of appellant's contention is that the deceased was guilty of negligence, possibly gross negligence if he was driving his car at a speed of seventy miles per hour, but it is well settled that gross negligence does not constitute such wilful misconduct as will bar a recovery under the Compensation Act.

Nor do we think that the Compensation Board was unjustified in its finding that the decedent did not lose his life as a result of intoxication. As pointed out above, no witness testified that the deceased was at any time intoxicated. In this connection we may consider that the wreck occurred from one and a half to two hours after the drinks were taken by the decedent and after he had traversed sixteen miles of road containing many dangerous curves, many of these curves being more dangerous than the curve on which the wreck occurred. It appears to us that the Compensation Board was amply justified in its finding that intoxication did not cause the death of the deceased.

798

In connection with the appellant's third contention, that the award should be decreased fifteen percent because the deceased lost his life as a result of his intentional failure to obey the rules of the company, the assistant manager of the Louisville branch of the company testified that he instructed all employees not to drive at an excessive speed and not to drink during working hours and that he made known to the employees the fact that if they drank during working hours they would be automatically dismissed. It does not appear to us that this testimony is sufficient to show the promulgation and enforcement of a safety rule. It is apparent that it was a mere instruction to employees not to violate the law with reference to the speed of automobiles and a general instruction on the question of drinking such as is usually given to employees by all employers. The so-called safety rule, as indicated by this testimony, is rather vague and indefinite and apparently, from the evidence, has not been accompanied by sufficient promulgation and enforcement to rise up to the dignity of a safety rule adopted by the company. We are unwilling to hold that an award of compensation to an employee for injuries should be decreased merely because he was operating an automobile in excess of the statutory speed limit and had taken two drinks, especially in view of the fact that there is no clear showing that either the rapid driving or the drinking was the direct and proximate cause of the accident. It appears to us the Board correctly refused to reduce the award of fifteen percent.

Judgment affirmed.