**Gertrude Anne L. BANKS, Appellant,**

v.

**DEPARTMENT OF EDUCATION, BU-
REAU OF REHABILITATION,
et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 15, 1971.

F. Byrd Hogg, Hogg & Cornett, Whites-burg, for appellant.

James S. Carroll, Carroll & Knippen-berg, Lexington, for appellees.

STEINFELD, Judge.

Elmer Banks was killed on April 5, 1968, when the automobile in which he was riding, for some unexplained reason, left the inside eastbound driving lane of the Mountain Parkway near Winchester, Kentucky, proceeded across the median, overturned and came to rest in the westbound driving lane. At the time of this accident Banks was employed as a counselor for the State Department of Education, Bureau of Rehabilitation. He was returning to Letcher County with Clayton Cantrell whom he had transported for his employer from there to Lexington earlier in the day for certain tests which were administered at Eastern State Hospital.

Gertrude Anne L. Banks, wife of the deceased and appellant herein, filed an application for adjustment of claim with the Workmen's Compensation Board. KRS 342.015(1) and KRS 342.070. The board dismissed the claim [1] " * * * inasmuch as (Banks) was not acting in the course of his employment at the time of his death."

---

1. There were two dissenting opinions filed by board members.

It also found that compensation should be denied under the provisions of KRS 342.-015(3) which states:

"No employe or dependent of any employe may receive compensation on account of any injury to or death of an employe caused by a willful, self-inflicted injury, willful misconduct or intoxication of such employe."

The Clark Circuit Court affirmed the board's decision, holding " * * * that Banks' intoxication caused his death by setting off a chain of events that were inevitably calculated to lead to injury or death to himself" and that he was guilty of wilful misconduct. It relied on the definition of wilful misconduct found in Black Mountain Corporation v. Higgins, 226 Ky. 7, 10 S.W.2d 463 (1928). We affirm that judgment.

█ Banks had left Whitesburg around 8:30 a. m. on the morning of his death, and proceeded to Lexington with Cantrell whom he delivered to the hospital shortly before 1:00 p. m. The tests started at about that time and were completed in approximately two hours. During the interval Banks visited a bar and consumed an unknown quantity of alcoholic drink. Cantrell testified that at the time he was picked up Banks stated to him that he (Banks) was too drunk to drive home, but that if he drank a couple of beers he would "get sobered up". They went to two other bars where they both drank, Banks consuming two beers and 8 or 9 "scotches" and 4 "peppermints". He gave Cantrell money to purchase a carton of beer. They started to Whitesburg sometime after 5:00 p. m. and the accident occurred around 6:20 p. m. On disputed, but sufficient evidence, the board found that Cantrell, an unlicensed and inexperienced driver, was operating the vehicle. Blood-alcohol tests were administered to both men shortly after the accident. Banks' test showed a blood-alcohol level of 0.25 and Cantrell's 0.07. Banks' blood-alcohol level would create a presumption of intoxication for the

purpose of criminal prosecution. KRS 189.520(4) (c). Webb v. Stone, Ky., 445 S.W.2d 842 (1969). This statute creates that presumption when there is " * * * 0.10 per cent or more by weight of alcohol in such blood * * *". There was ample evidence of probative value on which the board could and did find that Banks " * * * was intoxicated at the time of his death."

The employer argued before the board, the circuit court and argues here that because of his state of intoxication Banks had left the course of his employment. See KRS 342.005. Mrs. Banks counters that Cantrell was being returned to Letcher County and that the men were on the direct route, therefore, there was no departure from employment.

Larson's Workmen's Compensation Law, Vol. 1A, § 34.20, citing cases from foreign jurisdictions, states that when an employee has imbibed himself with alcoholic drinks to such an extent that he has reached an advanced state of intoxication and has thereby rendered himself incapable of performing or engaging in the duties of that employment he has effectively left the course of that employment.

█ Here, in addition to such state of intoxication, and directly as a result of imbibing, Banks was delayed at least two hours in departing on the return trip. Meanwhile, there had been an extensive excursion from employment, a substantial deviation therefrom. Within the meaning of the workmen's compensation law he was no longer in the course of his employment. Cf. Ratliff v. Epling, Ky., 401 S.W.2d 43 (1966); Colwell v. Mosley, Ky., 309 S.W. 2d 350 (1958) and Harbison-Walker Refractories Co. v. Brown, 296 Ky. 629, 178 S.W.2d 39 (1944). Also see 99 C.J.S. Workmen's Compensation § 222c, p. 748.

The employer urges that the death was caused by Banks' intoxication and that the provisions of KRS 342.015(3) absolve it of liability. Mrs. Banks claims that it was Cantrell's operation of the car which took

her husband's life and not Banks' intoxication, therefore there was no causation as required by the statute. She cites Allen v. Columbus Mining Co., 207 Ky. 183, 268 S.W. 1073 (1925) and Ford Motor Co. v. Smith, 283 Ky. 795, 143 S.W.2d 507 (1940). In Allen there was " * * * no claim that decedent was intoxicated or that the injury was wilfully self-inflicted, but only that it resulted from wilful misconduct of the decedent." Allen had left his post and had gone to a nearby company building to warm himself. It was held that he had not left his employment and was not guilty of wilful misconduct. In the Smith case the employee lost his life while operating his automobile when it left the road at a very dangerous curve. The defense was that he was guilty of wilful misconduct and intoxication. We affirmed the board's holding that there was insufficient evidence of wilful misconduct or intoxication. Here the evidence is entirely different. Banks became so intoxicated that he was unable to drive his automobile and he placed an inexperienced, unlicensed driver, a person who too had been consuming alcoholic drinks, in charge of its operation. Cantrell admitted that he could not tell which one was drunk by the time they started home.

Banks violated KRS 186.620(1) by placing an unlicensed driver behind the wheel, and he violated KRS 189.224 by having an intoxicated person take over the operation of the car. These acts and his intoxication were wilful. The intoxication of Banks set off a chain of events that were inevitably calculated to lead to injury or death to himself and were a proximate cause of the accident. In our opinion he was guilty of wilful misconduct as defined in Black Mountain Corporation v. Higgins, 226 Ky. 7, 10 S.W.2d 463 (1928). By reason of his intoxication and his wilful misconduct recovery also was properly denied. 99 C.J.S. Workmen's Compensation, § 263, p. 908.

The judgment is affirmed.

All concur.