Corine F. BELL, etc., Appellant,

v.

LINDSEY WILSON COLLEGE et al.,
Appellees.

Court of Appeals of Kentucky.

Sept. 22, 1972.

As Modified on Denial of Rehearing
Jan. 19, 1973.

Robert M. Lindsay, John Frith Stewart, Segal, Isenberg, Sales & Stewart, Louisville, for appellant.

James M. Graves, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, Earl Huddleston, Columbia, for appellees.

CATINNA, Commissioner.

The Workmen's Compensation Board dismissed a claim for death benefits filed against Lindsey Wilson College by the appellant as the surviving widow of Marvin Eugene Bell, for and on her own behalf and on behalf of the dependent children of Bell. Appellant appealed to Adair Circuit Court where the Board's action was upheld. We reverse the decision of the Board and the circuit court.

Marvin Eugene Bell was employed by Lindsey Wilson College as a truck driver and general handyman. He and his family occupied a tenant house on a farm belonging to Dr. John B. Horton, president of the college. Bell raised tobacco on the Horton farm on the usual sharecropper basis and in his spare time did other work on the farm for Dr. Horton.

On Saturday, April 4, 1970, Bell drove the college's tandem truck to Sandusky's Mill and picked up a load of kiln-dried birch lumber that belonged to the college. As there was no protected place on the

campus to store the lumber, he was directed by Dr. Horton to park the loaded truck in a tobacco barn on the Horton farm. On the following Monday and again on Wednesday, the day of his death, Bell discussed with his supervisor the possibility of unloading and storing the lumber. On both occasions he was informed that no space was available and that he should leave the loaded truck in the tobacco barn.

Bell was fatally burned on April 8, 1970, while trying to remove the college truck from the burning tobacco barn. The facts surrounding his death were found by the Workmen's Compensation Board to be as follows:

"On the date of his death, he went to the college shop to use its band saw to sharpen some sticks for the use in his tobacco seed bed. He later took his wife and one child to the bed while he went to a nearby field intending to burn it off. All of his activities for the morning were performed on the President's farm and had no connection with the college. While burning off the field the fire got away from the decedent and the tobacco barn, which housed the college truck, and lumber began to burn. He returned for the keys to the college truck and went back to the tobacco barn and tried to remove the truck and lumber. His body was found beside the truck. The barn, lumber and truck were destroyed by the fire."

The Board found, however, that Bell's death did not occur in the course of his employment, and this finding was sustained by the Adair Circuit Court.

■ The only question raised on this appeal is whether the death of Marvin Eugene Bell arose out of and in the course of his employment. The facts bearing on this question are not in dispute. As the facts are not in dispute, the question is one of law and, as such, is reviewable by this court. Clear Fork Coal Company v. Roberts, Ky., 279 S.W.2d 797 (1955).

The evidence establishes these basic facts: (a) Marvin Eugene Bell was a regular employee of Lindsey Wilson College, his primary job being that of a truck driver; (b) on April 4, 1970, he had loaded the college truck with lumber and at the direction of the president of the college had parked it in a tobacco barn on the president's farm; and (c) on April 8, 1970, while Bell was working on the farm for himself and the president, the tobacco barn housing the college truck caught on fire. Bell got the keys to the truck and entered the burning barn in an effort to save the truck and its load of lumber, and while he was so engaged he met his death.

■ This court has held that injury or death sustained by an employee in a voluntary effort to rescue fellow employees from danger in emergencies comes within the scope of his employment. Adams v. Bryant, Ky., 274 S.W.2d 791 (1955). We have not had before us the question of whether or not this same rule should apply where the injury or death results from an effort to save or protect the property of an employer. However, we are of the opinion that the rule should apply equally whether the subject of the effort be fellow employees or property of the employer.

Larson, Workmen's Compensation Law, Volume I, Section 28.11, page 452.71, states:

"Under familiar doctrines in the law relating to emergencies generally, the scope of an employee's employment is impliedly extended in an emergency to include the performance of any act designed to save life or property in which the employer has an interest."

\* \* \* \* \* \*

"It is too obvious for discussion that emergency efforts to save the employer's property from fire, theft, runaway horses, destruction by strikers, or other hazards are within the course of employment. The fact that the rescue effort took place outside of working hours does

not detract from its work-connected status. * * *."

In Belle City Malleable Iron Company v. Industrial Commission of Wisconsin, 170 Wis. 293, 174 N.W. 899 (1919), the deceased was employed as a millwright and foreman of the pattern division. Although the plant closed at noon, the deceased remained on the job until 5 p. m. As he was leaving the plant, he discovered a fire in the basement of one of the buildings and immediately turned back to fight the fire. His body was later discovered in the burned-out building. In sustaining an award of compensation, the court said:

"The appellants contend on this appeal, first, that Hansen was not within the course of his employment in entering the burning building where he met his death; * * *.

"We are satisfied that the evidence supports the conclusion of the commission that at the time of his death Louis Hansen was performing service growing out of and incidental to his employment within the meaning of sec. 2394–3, subd. 2, Stats. He must have entered the building voluntarily, and knowing the possibility of danger in so doing from its being then on fire. But it is a reasonable inference that he did so for either one or both of these purposes: (1) Under the specific duty devolving upon him to have charge of and look after the valuable patterns essential for the work being done by his employer; (2) from the sense of obligation to use a reasonable amount of care to save his employer's property at a time of such emergency.

"As to each of these it needed no specific instructions from any superior to perform such services or voluntarily assume such responsibility while making an effort within the field of reasonable care to save the property of his employer.

While so doing he cannot be considered, as a matter of law, to be a stranger. * * *."

In Meaney v. Keating, 200 Misc. 308, 102 N.Y.S.2d 514 (1951), the question "arose out of and in the course of employment" is resolved as follows:

"The precise job at hand or the precise hours of work are not controlling on the question. The ultimate test is whether the service was incidental to the employment.

* * * * * *

"Where it can be found that the injury was sustained while the employee was engaged in an activity in the interest of his employer, or for the protection of the life or safety of a fellow employee which ultimately amounts to the same thing, it is within the power of the Board to find the accident arose out of and in the course of employment and as an incident to it."

■ Applying the rules as set out above to the facts before us, we conclude that the death of Marvin Eugene Bell arose out of and in the course of his employment.

Appellee contends in its brief that the appeal should be dismissed on the ground that the record was not timely filed. A previous motion by appellee to dismiss appeal was overruled, and no motion to reconsider the order was filed. Where a motion to reconsider is not filed, this court will not ordinarily reconsider its order overruling the motion. RCA 1.345(b).

The judgment of the Adair Circuit Court is reversed with directions to enter a new judgment remanding this case to the Workmen's Compensation Board for further proceedings consistent with this opinion.

All concur.