**TURNER ELKHORN MINING COMPANY et al., Appellants,**

v.

**Angelene F. GOBLE, Individually, etc., et al., Appellees.**

Court of Appeals of Kentucky.

March 1, 1974.

Fred G. Francis, Francis & Kazee, Prestonsburg, for appellants.

H. B. Noble, Hazard, for appellees.

STEINFELD, Justice.

Lawrence Oliver Goble, Jr., age 29 years, had been an employee of appellant Turner Elkhorn Mining Company for three years. He was a coal miner working in the Carry Back Coal Company–BX–50 mine, where he was killed on Saturday night, October 9, or on Sunday, October 10, 1971, when his arm came into contact with a trolley wire carrying 400 volts of electricity. His widow, for herself, as administratrix of his estate, and as statutory guardian and mother of his infant children, filed a claim with the Workmen's Compensation Board seeking benefits from Lawrence's employer. The company defended on the basis that Lawrence had no

right to be in the mine on the occasion of his death and that even if he was rightfully there he had deviated from the course of his employment by reason of intoxication. The Workmen's Compensation Board awarded the benefits claimed and the circuit court affirmed. From that judgment the employer appeals. We affirm.

■ We quickly dispose of the claim of drunkenness. There was proof of drinking on the part of Lawrence but no proof of intoxication. Cf. Banks v. Department of Education, Bureau of Rehabilitation, Ky., 462 S.W.2d 428 (1971).

■ When the mine was not working or during Lawrence's spare time he hauled and sold house coal to people living in the area. The truck which he used was owned and supplied by his employer, who also furnished the fuel for the vehicle. Evidence showed that sometimes the house coal was obtained by Lawrence from inside the mine and at other times he obtained it from a pile outside the mine. After the house coal was delivered Lawrence would bring to the mine operator the cash or checks which he received in payment for it. The company would retain one-half of the money and pay the other half to Lawrence. It would treat the money paid to Lawrence in the same manner as it treated his wages (except for tax withholding), and it would report the payments to the government as required by the Social Security laws.[1]

The mine which was within 200 feet of the Goble residence had been closed for several days prior to October 9, 1971, because of a labor strike. The proof showed that during those days Lawrence and others had been going into the mine to mine coal and to haul and sell it as house coal. His widow testified that he frequently worked on Sunday and that she had seen him on many occasions enter the mine to obtain house coal. The mine operator testified that the mine usually worked five days each week, sometimes on Saturday but never on Sunday. Mrs. Goble also stated that her husband worked seven days most weeks, either in mining or hauling house coal, that he checked on the mine every day that it was not running, and that this checking was pursuant to a request of the operator.

Appellant relies upon Ratliff v. Epling, Ky., 401 S.W.2d 43 (1966). We consider that case inapplicable because there the employee was gathering coal for his personal use on employer's premises after the workday had terminated. Obviously, Ratliff was not acting within the scope of his employment within the meaning of KRS 342.005(1).

In spite of the statement by the mine operator that he had left specific instructions with all of the men that no one was to enter the mine while it was closed and that no one was to enter without the operator first making a fire run, there was sufficient evidence to show that Lawrence was following the same routine of work activity at the time he was killed as he had followed for a long time prior thereto. The board was authorized to hold, as it did, that Lawrence was killed by an accident " * * * arising out of and in the course of his employment * * *." KRS 342.005(1).[2] Cf. W. R. Grace and Company v. Payne, Ky., 501 S.W.2d 252 (1973).

The judgment is affirmed.

All concur.

---

1. It is not contended that the deceased had been an independent contractor.

2. KRS 342.005(1) was repealed, effective January 1, 1973. Acts 1972, Ch. 78, Sec. 36.