Mary Rose WILSON, Administratrix of the Estate of Billy Joe Wilson, Appellant,

v.

John D. WIZOR d/b/a Star Dust Cocktail Lounge, and Kentucky Workmen's Comp., etc., et al., Appellees.

Supreme Court of Kentucky.

Oct. 29, 1976.

Rehearing Denied Jan. 14, 1977.

F. Thomas Conway, Louisville, for appellant.

Roger P. Elliott, Asst. Atty. Gen., Frankfort, William L. Hoge, III, Joseph J. Golden, Louisville, for appellees.

JONES, Justice.

The issue on this appeal is whether Billy Joe Wilson was acting within the scope of his employment as a bartender for John D. Wizor, d/b/a Star Dust Cocktail Lounge, at the time of his death on Christmas Eve, 1974.

The Workmen's Compensation Board dismissed a claim for death benefits filed against Wizor and the custodian of the Uninsured Employers' Fund by Mary Rose Wilson, the surviving widow of Billy Joe Wilson, for and on her behalf and the behalf of her dependent child. Mary Rose filed a petition for review in the Jefferson Circuit Court. The trial court upheld the *board's* action. Mary Rose prosecutes this appeal.

Billy Joe Wilson was employed by John Helm, Wizor's chief bartender. Helm's employment of Billy Joe was with the knowledge and consent of Wizor. There is no conflict in the evidence that Wilson was behind the bar on December 24, 1974. All the patrons assembled in the Star Dust Cocktail Lounge on December 24, 1974 at 8 p. m., testified that Billy Joe was serving drinks. At approximately 8 p. m. on December 24, Billy Kessler came into the bar to get his brother, Danny. Kessler testified that he saw a movement and in reaction he knocked Pearl Allen, a patron of the bar, across the room. Winston Euless, the night bartender, who was either on the phone or sitting at one of the booths, went over to the bar and grabbed a billy club and attempted to strike Billy Kessler. Billy took the club away from Winston and proceeded to hit him with it. At this point, the evidence reflects that Billy Joe Wilson took a can of mace and fired it into the eyes of Billy Kessler. Billy then pulled a gun, and as he was being dragged away from the bar by his brother, fired the gun and killed Billy Joe Wilson. A blood examination of Billy Joe's body showed 0.10% by weight (ethyl alcohol).

The facts surrounding Billy Joe Wilson's death were found by the Workmen's Compensation Board to be as follows:

"The decedent had worked on the day shift at the bar for John Thomas Helm who had employed the decedent to work for him. The day shift ended at 5:00 p. m. when another bartender's shift started. The board finds that at the time of his death the decedent was not an employee of the defendant, Star Dust Cocktail Lounge, his shift having ended at about 5:00 p. m., and that he had remained at the bar that night to drink and for personal reasons and that his death was not work-related. The board further finds the decedent was intoxicated on the night in question and at the time of his death and his death was caused by his intoxication and his willful intention to injure the man who killed him when he sprayed mace in his face." T.R. 364.

The thrust of the arguments by Wizor and by the custodian of the Uninsured Em-

ployers' Fund was that Billy Joe's employment ended at 5 p. m. Winston Euless testified that he arrived at work at 5 p. m. on the evening of the shooting. He also testified that Billy Joe Wilson asked him if it was alright if he stayed around to observe how Euless mixed drinks. However, the evidence reveals that if anyone was intoxicated on Christmas Eve 1974 at the time of the shooting of Billy Joe Wilson, it was Winston Euless.

Larsen's Workmen's Compensation Law Volume 1, Sec. 28.11, pg. 452.71 states:

"Under familiar doctrines in the law relating to emergencies generally, the scope of an employee's employment is impliedly extended in an emergency to include the performance of any act designed to save life or property in which the employee has an interest."

It is obvious that Billy Joe Wilson was acting in the interest of his employer, Wizor, in protecting the life of Winston Euless from the assault by Billy Kessler. Moreover, the evidence reveals that Wizor had knowledge that Billy Joe Wilson worked after 5:00 p. m. on the day he was killed by Kessler.

"The precise job at hand or the precise hours of work are not controlling on the question. The ultimate test is whether the service was incidental to the employment.

\* \* \* \* \* \*

"Where it can be found that the injury was sustained while the employee was engaged in an activity in the interest of his employer, or for the protection of the life or safety of a fellow employee which ultimately amounts to the same thing, it is within the power of the Board to find the accident arose out of and in the course of employment and as an incident to it." See *Bell v. Lindsey Wilson College*, Ky., 490 S.W.2d 145 (1972).

Since there is not a whit of evidence by any of the patrons of the bar that Billy Joe Wilson was not working at the time of his death, this court concludes that the death of Billy Joe Wilson arose out of and in the course of his employment.

This court is of the opinion that the board's finding that Billy Joe Wilson was intoxicated and that his death resulted from this intoxication is not substantiated by any of the testimony. There is no evidence that Billy Joe Wilson was intoxicated at the time that he was killed. To the contrary, patrons of the bar testified that Billy Joe appeared to be all right. The mere submission of 0.10% by weight (ethyl alcohol) will not suffice to strip the decedent Billy Joe Wilson of the presumptions granted him and his dependents by the provisions of KRS 342.680. KRS 189.520(4) applies only to criminal prosecutions for operating a motor vehicle while under the influence of intoxicants. To overcome the presumption set forth in KRS 342.680, Wizor and the Uninsured Employers' Fund must prove the intoxication of Billy Joe Wilson by substantial evidence, and that his intoxication was the primary cause of his death. This they failed to do. In a similar situation, this court said:

"We quickly dispose of the claim of drunkenness. There was proof of drinking on the part of Lawrence but no proof of intoxication." *Turner Elkhorn Mining Company v. Goble*, Ky., 506 S.W.2d 521 (1974).

Applying the rules set out herein to the facts in this case, this court concludes that the death of Billy Joe Wilson arose out of and in the course of his employment. The court is of the opinion also that the board's finding that Billy Joe Wilson was intoxicated is not supported by the evidence.

The judgment of the Jefferson Circuit Court is reversed with directions to enter a new judgment remanding this case to the Workmen's Compensation Board for further proceedings consistent with this opinion.

All concur.