Gary W. CAMPBELL, Appellant,

v.

CITY OF BOONEVILLE; Sheila Lowther, Chief Administrative Law Judge, Appellees.

No. 2002–SC–0121–WC.

Supreme Court of Kentucky.

Sept. 26, 2002.

David R. Marshall, Lexington, Counsel for Appellant.

A. Stuart Bennett, Lexington, Counsel for Appellee.

**OPINION OF THE COURT**

Although the claimant was injured in an accident while driving his police cruiser, pursuing a suspect, an Administrative Law

Judge (ALJ) determined that his voluntary intoxication was "the proximate cause" of the accident and, therefore, that KRS 342.610(3) barred a recovery. Majorities of the Workers' Compensation Board (Board) and the Court of Appeals affirmed, but the claimant continues to maintain that because the ALJ failed to determine that the accident was proximately caused *primarily* by voluntary intoxication, the decision was erroneous as a matter of law. We affirm.

The claimant, a police officer in the City of Booneville, was not scheduled to work on March 2, 1999. He testified that he finished his second job as an EMT at 4:00, P.M., after which he went home and consumed five or six cans of beer over the next 1½—2 hours. At approximately 7:00, P.M., he received a telephone call from an unidentified female who informed him that someone was driving recklessly through town and asked him to investigate. Explaining that he was off duty, he declined to do so and advised the caller to contact the sheriff's department because he was the only police officer in town at the time. He testified that the female called several times thereafter and ultimately threatened to complain to the city council if he refused to respond. At that point, he felt compelled to investigate and did so at about 8:00, P.M. He testified that after about two hours, he came upon a vehicle that matched the description given in the telephone calls. A chase ensued, during which shots were fired at him from the vehicle. It got away eventually, so he notified the state trooper and deputy sheriff whom he had summoned for assistance.

The claimant testified that, shortly thereafter, he stopped another vehicle for traffic violations. The subject, whom he recognized from a prior drug arrest, appeared to be intoxicated. After handing over his license, he sped away, and another high-speed chase ensued. The claimant testified that at times his speed exceeded 100 miles per hour while he pursued the vehicle in the dark, on rain-slick streets and roads. He testified that he had decided to quit the chase but that shots were fired at him from the passenger side of the vehicle. Thus, he notified the sheriff's department and continued the high-speed pursuit while returning fire, at times using one hand to drive and the other to reload his revolver. After his quarry passed another vehicle while negotiating a curve, he attempted the same maneuver, lost control of the cruiser, and was injured when it crashed. To his knowledge, the subject was never arrested, and the county attorney refused to discuss the matter when he inquired.

Tests performed at the emergency room indicated that approximately 40 minutes after the accident the claimant's blood alcohol level was 0.14, and he tested positive for Valium, which he said was prescribed to help him sleep. He was later charged with driving under the influence and discharged from his employment as a police officer. Furthermore, the city asserted that his voluntary intoxication was a complete defense to any workers' compensation liability. Dr. Olash testified that a blood alcohol level of 0.14 would impair a driver's ability to safely operate a motor vehicle. But, when cross-examined, he could not say whether alcohol intoxication or some other factor was the primary cause of the claimant's accident.

The claimant denied that he was intoxicated at the time of the crash and offered lay testimony in support of his assertion. The county jailer testified that he saw the claimant on the evening of the accident, did not notice anything unusual, and did not smell alcohol. A deputy jailer testified that he saw the claimant at 2:00, P.M., on the day in question and did not notice anything or smell alcohol. Furthermore,

he accompanied the jailer to the accident site that evening and, again, did not smell alcohol or notice anything. Finally, a volunteer jailer testified that he saw the claimant at a gas station on the evening in question and that he observed nothing to suggest that the claimant was intoxicated.

Emphasizing that the burden was on the employer to prove an affirmative defense, the claimant maintained that expert testimony was required in order to prove that intoxication was the primary cause of the crash. He pointed out that Dr. Olash could not testify to that fact. He argued that he had successfully navigated the cruiser for several hours before the crash, that police officers are permitted to engage in high-speed chases, and that whether or not he used good judgment when engaging in such a chase was not material. Concluding that the employer had failed to meet its burden of proof, the claimant asserted that it was not entitled to an intoxication defense.

After acknowledging that the burden to prove an intoxication defense was on the employer, the ALJ noted that the claimant testified to drinking beer on the afternoon of March 2, 1999; that his blood alcohol level was measured at 0.14 after the accident; and that such a level would impair a driver's ability to safely operate a motor vehicle. Noting that the claimant's own testimony established that he was engaged in a course of conduct that was "ill conceived," and that his actions showed a reckless disregard for his own safety and that of others, the ALJ determined that "the proximate cause" of the accident was the claimant's voluntary intoxication and dismissed the claim as being barred by KRS 342.610(3).

The Board affirmed in a two-to-one decision, with a dissenting opinion expressing the view that under KRS 342.610(3), the claim should be remanded for further findings concerning whether the accident was "proximately caused *primarily* by voluntary intoxication." A majority of the Court of Appeals also affirmed on the ground that because the claimant's intoxication was identified as the only proximate cause of the accident, a logical conclusion was that it was the primary proximate cause.

A dissenting opinion expressed the belief that further inquiry was necessary. Questioning whether the claimant's conduct in this case amounted to voluntary intoxication as contemplated by KRS 342.610(3) in order to bar recovery, the opinion pointed out that the claimant was off duty and perhaps was coerced to return to work. Furthermore, a high-speed chase such as the claimant described was likely to have resulted in a serious injury even if he had not been drinking. The medical testimony was equivocal concerning the effect that drinking had on the accident, and the lay testimony established that the claimant did not appear to be intoxicated. Thus, the dissent concluded that it was significant whether intoxication was the only proximate cause of the claimant's injuries and that an evidentiary hearing was required.

As effective December 12, 1996, KRS 342.610(3) relieves an employer from liability for compensation if the worker's injury was "proximately caused primarily by voluntary intoxication as defined in KRS 501.010." KRS 501.010 provides, in pertinent part, as follows:

(2) "intoxication" means a disturbance of mental or physical capacities resulting from the introduction of substances into the body.

. . .

(4) "Voluntary intoxication" means intoxication caused by substances which the defendant knowingly introduces into his body, the tendency of which to cause intoxication he knows or ought to know, unless he introduces them pursuant to

medical advice or under such duress as would afford a defense to a charge of crime.

Since its inception, a premise of the Act has been that a worker's negligence will not defeat a claim for a resulting injury. But if the worker's negligence was due to intoxication, the Act has sometimes afforded the employer an intoxication defense. In *Woosley v. Central Uniform Rental*, Ky., 463 S.W.2d 345, 347 (1971), the Court addressed the intoxication defense as then codified in KRS 342.015(3), which provided that no compensation was due if an injury was caused by the worker's intoxication. Noting that some compensation statutes required that intoxication be the "sole cause" of the worker's injury in order to bar compensation, the Court pointed out that the Kentucky statute used the words "caused by." Also noting that there may be more than one proximate cause of an accident and that dangerous work conditions would increase the likelihood that an intoxicated driver would have an accident, the Court refused to construe KRS 342.015(3) as requiring that intoxication be *the* proximate cause on the ground that such a construction would amount to a requirement that it be the only cause. The Court determined, therefore, that an accident was caused by intoxication for the purposes of KRS 342.015(3) only if it would not have happened if the worker had not been intoxicated. Whether other factors contributed to causing the accident was immaterial.

KRS 342.015(3) was repealed in 1972, at which time KRS 342.610(3) was enacted. 1972 Ky. Acts, Ch. 78, §§ 1 and 36. As enacted, KRS 342.610(3) provided an intoxication defense if an injury was "proximately caused primarily" by the worker's voluntary intoxication. A 1996 amendment provided the definition of voluntary intoxication. 1996 Ky. Acts, 1st Ex Sess., Ch. 1, § 27.

■ The enactment of KRS 342.610(3) addressed the problem of multiple causation, which had concerned the Court previously in *Woosley, supra.* The claimant maintains that KRS 342.610(3) requires an employer to prove that the underlying accident would not have happened if the worker had not been intoxicated, as set forth in *Woosley,* but the legislature chose to provide a different standard. KRS 342.610(3) clearly indicates that the defense is available if a worker's voluntary intoxication was the primary cause of an injury. *See Wilson v. Wizor,* Ky., 544 S.W.2d 231 (1976). In other words, if a worker's voluntary intoxication was the primary cause of an injury, it is immaterial whether other factors contributed to causing it. The injury is not compensable under KRS 342.610(3).

Although the claimant offered some evidence that he was not intoxicated at the time of the accident, Dr. Olash's testimony constituted substantial evidence that his mental or physical capacities would have been disturbed at the time due to his consumption of alcohol. As an EMT and police officer, the claimant obviously knew that alcohol has a tendency to cause intoxication. Furthermore, he has never maintained that he consumed the alcohol upon medical advice or under duress. Thus, the finding that the claimant was voluntarily intoxicated at the time of the accident was supported by substantial evidence and may not be disturbed on appeal.

■ When considered in the context of the entire opinion, it is apparent that the ALJ's use of the phrase "the proximate cause" denoted a conclusion that the claimant's intoxication was the only cause of the accident in which he was injured. It is apparent, therefore, that his intoxication was the primary cause as well. Contrary to his assertion, we are not persuaded that expert testimony concerning the primary

cause of the accident was required. His own testimony concerning his conduct on the evening in question and Dr. Olash's testimony concerning the effect that a 0.14 blood alcohol level would have had on an individual's ability to drive safely formed the basis for the finding in the employer's favor. After reviewing those testimonies, we are persuaded that the finding was supported by substantial evidence and that the decision was properly affirmed on appeal.

The decision of the Court of Appeals is affirmed.

LAMBERT, C.J., COOPER, JOHNSTONE, KELLER, STUMBO, and WINTERSHEIMER, JJ., concur.

GRAVES, J., dissents by separate opinion.

GRAVES, Justice, Dissenting.

Respectfully, I dissent. In my opinion, the Administrative Law Judge made a morally judgmental finding of fact which lacks a legally sufficient basis.